IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:99-cr-00015-MP-AK

JAMES BOSWELL,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 983, Report and Recommendation of the Magistrate Judge, recommending that Defendant Boswell's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Doc. 859, be denied.  The Magistrate Judge filed the Report and Recommendation on Friday, July 21, 2006.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

In his motion to vacate, Defendant Boswell alleges that his Sixth Amendment rights were violated when one of his attorneys, Edward Wilson, operated under an actual conflict of interest, and when all four attorneys provided constitutionally deficient assistance through their failure to conduct legal research, to prepare for trial, to impeach certain witnesses, and to consult with the Defendant or his family.  After reviewing both the Magistrate's Report and the Defendant's

objections, the Court agrees with the Magistrate that Defendant has not shown the existence of an actual conflict of interest, that the performance of counsel was objectively deficient, or any prejudice resulting from either claim.

The most serious of the allegations contained in Defendant Boswell's motion to vacate is that attorney Edward Wilson routinely accepted payment for protecting Kentucky drug operations, and his only role on the defense team was to listen and learn the intentions of Defendant Boswell so that he could then protect himself. Defendant Boswell also alleges that attorney Wilson abandoned him on the eve of trial to flee the jurisdiction because of possible charges by the Drug Enforcement Administration that he protected drug operations in Kentucky. In response to these allegations, all four members of Defendant's defense team have submitted affidavits denying the substance of the claims. Mr. Wilson himself denies that any personal conflict of interest existed during the representation, and all other members of the defense team state that they had no knowledge of any such personal conflict of interest.

In his objections, Defendant Boswell states that the term "personal" conflict "carries either no meaning or is pregnant with meaning," and that "these words cry out for definition." Doc. 988 at 11, 16. The Court finds that the submitted affidavits clearly respond to Defendant's allegations, and that no evidentiary hearing is necessary to flesh out the patent meaning of the term "personal conflict of interest." See MODEL RULES OF PROFESSIONAL CONDUCT R. 1.7(a)(2) (2002). Even assuming that these serious allegations are true, the Court agrees with the Magistrate that Defendant has not met his burden to show that Mr. Wilson's conflict adversely affected Defendant's constitutional rights. Defendant was represented at trial by three other attorneys, none of whom is alleged to have operated under any conflict. Jack Smith, an attorney

who was free of conflict, formulated the plan for the defense team.  On the other hand, Mr. Wilson only assisted the defense team in pretrial preparation and was not present at trial. Because of this, there is no link between the alleged actual conflict and any decision by the defense team to forgo an alternative strategy.  In sum, Defendant Boswell asserts no evidence that the conflict adversely affected counsel's performance.  Therefore, his motion to vacate must be denied on this ground.

Defendant Boswell also alleges that the performance of the defense team was constitutionally deficient under Strickland v. Washington, 466 U.S. 668 (1984).  Constitutionally deficient performance by counsel is that which is below an objective and reasonable professional norm.  However, as the Magistrate correctly states, the issue of the adequacy of counsel's performance need not be addressed when a defendant fails to make a sufficient showing of prejudice.  In his motion to vacate, Defendant raises numerous instances of alleged ineffective assistance.  After reviewing the allegations, the Court agrees with the Magistrate that Defendant Boswell fails to show that counsel's performance was unreasonable, or that "no competent counsel would have taken the action that his counsel did take." Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001).  The record belies Defendant's contentions that trial counsel conducted no legal research and did not prepare for trial, resting on the evanescent hope of a venue change, the denial of which caused the defense team to fail to address legal issues adequately or to impeach Government witnesses properly.  Rather, the record reflects that Defendant Boswell had the assistance of a trial team that filed numerous pretrial motions, impeached the credibility of Government witnesses, and legally and factually investigated the case.  Moreover, even assuming that counsel's performance was unreasonable, Defendant cannot

show any resulting prejudice.  While some issues raised by Defendant have already been rejected by the Eleventh Circuit, others would merely be duplicative of work by counsel at trial.  There is no reason to believe that, but for the alleged deficiency of counsel, the result of the proceeding would have been different.

Therefore, having considered the Report and Recommendation, I have determined that the Report and Recommendation should be ADOPTED.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Defendant Boswell's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Doc. 859, is denied.

**DONE AND ORDERED** this  *19th* day of December, 2006

　　　　　　　　　　　*s/Maurice M. Paul*
　　　　　　　　Maurice M. Paul, Senior District Judge